UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HISHYAR S.,<br><br>           Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>           Defendant. | CASE NO. 23-6169-BAT<br><br>**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Plaintiff appeals the ALJ's decision finding him not disabled.[1] Plaintiff contends the ALJ's misevaluation of the medical evidence, Plaintiff's testimony, and lay witness testimony resulted in an inaccurate residual functional capacity (RFC) determination and an erroneous finding of non-disability. Dkt. 9. As relief, Plaintiff argues the Court should remand the case for calculation of an award of benefits. *Id.* at 1.

The Commissioner concedes the ALJ committed reversible error by failing to fully address the opinion of Kathleen Dee, PMNHP, but argues remand for further proceedings is the proper remedy. Dkt. 13 at 2. The Court agrees with the Commissioner and **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

---

[1] The Parties consented to proceed before the undersigned Magistrate Judge. Dkt. 3.

**DISCUSSION**

The ALJ must articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff argues the ALJ misevaluated Ms. Dee's April 2022 opinion that Plaintiff's mental impairments limited his ability to function in a workplace; he may not be able to maintain persistence and pace in a competitive work environment; it is unlikely he can manage funds; he has moderate limitations in abstract thinking; and he has unrealistic judgment and insight. Tr. 601-02. Plaintiff argues the ALJ erroneously failed to consider Ms. Dee's opinion that his mental impairments limit his ability to function and maintain persistence and pace in a competitive work environment. Dkt. 9 at 4-5. The Commissioners concedes the ALJ erred this regard and the case should be remanded. Dkt. 13 at 3.

Although the Commissioner concedes error, the Commissioner argues the case should be remanded for further proceedings, not benefits. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). In deciding whether a case may be remanded for an award of benefits the Court considers: (1) has the record been fully developed such that further administrative proceedings would serve no useful purpose; (2) has the ALJ failed to provide legally sufficient reasons for rejecting evidence from claimant's testimony or medical opinions; and (3) if the improperly discredited evidence were credited as true, would the ALJ be required to find claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even when "all conditions of the credit-as-true rule are satisfied, [if] an evaluation of the record

as a whole creates serious doubt that a [claimant] is, in fact, disabled . . . [the Court has the] flexibility to remand for further proceedings." *Id.* Only in rare circumstances should a case be remanded for benefits. *See Treichler v. Colvin* 775 F3d 1090 (9th Cir. 2014).

In evaluating whether further proceedings would be useful, a court should consider whether the record is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules. Only if there are no outstanding issues that must be resolved before a determination of disability can be made, does the Court have the discretion to credit a claimant's testimony as true and remand for benefits, and only then where "it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Treichler,* 775 F.3d at 1105.

Here, the record is not fully developed and there are outstanding issues that must be resolved. Further proceedings are necessary because the ALJ did not err in all respects, and the record requires further assessment. For instance, Plaintiff claims the ALJ erroneously discounted the January 2022, opinion of Dr. William Kelly, M.D. in which the doctor opined Plaintiff was seriously limited in his abilities to perform unskilled work, as he was unable to work around others, maintain attendance, or understand simple instructions, and would miss more than three days of work per month. Tr. 952-57. Plaintiff argues the ALJ erroneously rejected Dr. Kelly's opinion, which he contends is consistent with Dr. Kelly's clinical findings and the longitudinal record. Dkt. 9 at 3-4. The ALJ found Dr. Kelly's treatment notes were generally unremarkable and the doctor's opinion was inconsistent with the longitudinal record, and the Court finds Plaintiff has not specifically shown the ALJ's reasoning in this regard is erroneous. Tr. 26-27 (citing Tr. (728, 731, 735, 738, 746, 751, 754, 757, 760, 763, 780, 792, 804, 816, 835, 852, 875,

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

893, 900, 904, 907, 933, 936, 939, 942, 945, 948)); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (burden of showing harmful error is on party attacking agency's determination).

Plaintiff's assertion that abnormal findings in the record are consistent with the opinion similarly fails to meet the requirements necessary to present an issue for appellate review. *Putz v. Kijakazi*, 2022 WL 6943095 at * 2 (9th Cir. Oct. 12, 2022). Simply averring the record contains an abnormal finding does not constitute a reasoned argument and the Court declines to "manufacture arguments where none is presented." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Plaintiff's failure to show the ALJ erred in assessing Dr. Kelly's opinion supports the conclusion that remand for further benefits are appropriate. On remand the ALJ should reassess Dr. Kelly's opinions in view of reassessing Ms. Dee's opinions.

Plaintiff also spends several pages listing medical findings before arguing his recitation of this evidence contradicts the ALJ's reasons for rejecting Dr. Kelly's opinion, Plaintiff's testimony, and the lay witness statements. Dkt. 9 at 5-7. Plaintiff's argument is a conclusory summary of facts without any supporting analysis or reference to case law, and thus does not establish harmful error. *Putz*, 2022 WL 6943095 at *2. Bare assertions and lists of facts, absent analysis, fall short of the requirement that Plaintiff present his contentions and reasons with specificity. *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007); *see also Indep. Towers of Wash.*, 350 F.3d at 929-30.

Additionally, Plaintiff argues the ALJ found the opinions of Patricia Kraft, Ph.D., and John Gilbert, Ph.D., "somewhat persuasive," despite finding Plaintiff was more limited than these doctors determined. Tr. 25. Plaintiff contends the opinions were not entitled to any weight because they were inconsistent with objective medical evidence, his testimony, and the lay evidence. Dkt. 9 at 7-8. Again, Plaintiff's bare assertion of the issue fails to show harmful error

in the ALJ's decision. Although Plaintiff argues a reasonable ALJ who properly evaluated the medical evidence could have reached a different disability determination, just because "the ALJ *could* have come to a different conclusion" does not mean the ALJ erred. *Shaibi v. Berryhill*, 870 F.3d 874, 879-80 (9th Cir. 2017) (emphasis in original).

Here, the Court finds that although the ALJ misevaluated Ms. Dee's opinion, the record raises critical questions as to the severity of Plaintiff's functional limitations. *Garrison*, 759 F.3d at 1021. Plaintiff argues he cannot reliably leave his home and is unable to communicate and interact with supervisors, coworkers, and the public, Dkt. 9 at 16-17, which are dispositive facts in light of the vocational expert's (VE) testimony. Tr. 101-02. The VE testified an individual who missed more than six to ten days of work per year, was off task more than 10% of the time, or had to work from home, would be precluded from all competitive work. *Id.*

However, the record raises crucial questions on these issues because the ALJ found inconsistencies between Plaintiff's testimony and the medical evidence in the record. *Treichler v.* 775 F.3d 1090 at 1105. For example, the opinions provided by Drs. Kelly, Kraft, and Gilbert contradict Plaintiff's allegations cannot leave his house or interact with people. As the ALJ highlighted, Tr. 26-27, Dr. Kelly's treatment notes described Plaintiff as cooperative, goal-directed, coherent, and logical; having stable symptoms with blunted or appropriate affect, depressed and/or calm mood, appropriate thought content, fair to good insight; and appropriate behavior. Tr. 728, 731, 735, 738, 746, 751, 754, 757, 760, 763, 780, 792, 804, 816, 835, 852, 875, 893, 900, 904, 907, 933, 936, 939, 942, 945, 948. Similarly, Drs. Kraft and Gilbert opined that Plaintiff had no limitations in interacting with others, processing information, and adapting and managing himself. Tr.119, 127. They also noted Plaintiff had moderate limitations in his ability to concentrate, persist, or maintain pace, but was able to complete routine tasks during a

full workday. *Id.* Further proceedings are necessary to resolve these contradictions in light of reassessing Ms. Dee's opinions. *See Treichler,* 775 F.3d at 1105; *Garrison*, 759 F.3d at 1021.

Plaintiff's improvement with treatment also necessitates the need for further proceedings. The ALJ noted Plaintiff reported doing well on medication, which improved his sleep and mood. Tr. 23 (citing Tr. 433-34, 439, 491, 599). The ALJ also pointed out Plaintiff indicated counseling helped manage his symptoms. Tr. 23-24 (citing Tr. 599). "Such evidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).

The ALJ also found Plaintiff's activities contradicted the severe limitations he claimed. Tr. 20-21, 23-24, 26-27. Contrary to Plaintiff's testimony that he had difficulty concentrating, remembering things, and completing tasks, the ALJ observed Plaintiff passed his citizenship exam, obtained an undergraduate degree, and considered pursuing a master's degree. Tr. 80, 278-79, 479, 880, 906. The ALJ also noted Plaintiff reported listening to music for more than an hour, watching TV, using a computer, and managing finances. Tr. 20-21 (citing Tr. 277, 601). Moreover, although Plaintiff alleged disabling fear of people and difficulty with interaction, the ALJ determined the record painted a different picture. Tr. 23. Specifically, it indicated Plaintiff had a history of working well with co-workers and supervisors, called his family in Iraq, and socialized with a friend. Tr. 93-96, 277-78, 601-02. Further proceedings are thus necessary to determine whether Plaintiff is, in fact, disabled. *See, e.g.*, *Brown-Hunter v. Colvin*, 806 F.3d 487, 495-96 (9th Cir. 2015); *Ahearn v. Saul*, 988 F.3d 1111, 1116-17 (9th Cir. 2021).

In sum, although the Commissioner concedes the ALJ harmfully erred in evaluating Ms. Dee's opinion, this error and the current state of the record do not establish Plaintiff is disabled. As previously discussed, the ALJ did not err in evaluating Dr. Kelly's opinion or the

administrative findings of Drs. Kraft and Gilbert. The ALJ's decision highlighted inconsistencies in the medical record, Plaintiff's improvement with treatment, and activities of daily living. Although these findings do not foreclose the possibility that Plaintiff is disabled, they create factual conflicts in the record that must be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance. *See Treichler,* 775 F.3d at 1106–07; *Burrell v. Colvin,* 775 F.3d 1133, 1141–42 (9th Cir. 2014). "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." 775 F.3d at 1101.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED**, and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess Ms. Dee's opinion; reevaluate Plaintiff's testimony, the lay witness evidence and other medical evidence in light of this reassessment; offer Plaintiff the opportunity for a new hearing, further develop the record and redetermine RFC as needed; and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 6th day of June, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge